IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALLAN D. BUYNA,

    Petitioner,

v.

MICHAEL OVERMYER, STEPHEN
ZAPALLA, and KATHLEEN KANE,

    Respondents.

Civil Action No. 15-1283
Judge Terrence McVerry/
Chief Magistrate Judge Maureen P. Kelly

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition"), filed pursuant to 28 U.S.C. § 2254, be dismissed pre-service because it is a second or successive petition, and, as such, this Court lacks jurisdiction over the Petition.

### II. REPORT

    **A. Relevant Procedural History**

At the time Allan D. Buyna ("Petitioner") filed this Petition, he was incarcerated in the State Correctional Institution at Forest ("SCI-Forest"). By means of the Petition, he seeks explicitly to attack the constitutionality of the state statute under which he was convicted and/or sentenced for first degree murder in 1978. Petitioner's conviction was obtained in the Allegheny County Court of Common Pleas, which is located within the territorial confines of the United States District Court for the Western District of Pennsylvania. After post-trial motions were decided, Petitioner was sentenced to life in prison. Petitioner is proceeding *pro se*.

This Petition is at least the eighth federal habeas corpus petition filed by Petitioner attacking the 1978 conviction and/or sentence or related state court proceedings. Significant to the present Petition is the seventh habeas petition which Petitioner filed, namely, Buyna v. Sauers, No. 12-CV-691 (W.D. Pa.) (the "Seventh Petition"). In the Seventh Petition, the undersigned found that the Seventh Petition was second or successive because the habeas petition which Petitioner filed in Buyna v. Mechling, No. 02-CV-2158 (W.D. Pa.) (the "Sixth Petition") was decided on the merits and thus, the Seventh Petition, attacking the same conviction qualified as second or successive. The District Judge agreed and the Seventh Petition was dismissed.

Presently, Petitioner relies on 28 U.S.C. § 2254 as the jurisdictional basis for this Petition. See ECF No. 1-1. However, Petitioner argues that the present Petition is not second or successive because "the Petitioner does NOT attack the State Court's trial, conviction or sanction -- which were collateral consequences of the unlawful use of a dead-letter, inoperative and unconstitutional Pennsylvania Statute which had no force on the Indictment – but the underlying CAUSE is the Statute." Id. at 5. Petitioner attempts to distinguish an attack on the statute under which he was convicted and an attack on his conviction, notwithstanding that the result in either case would be the same, a necessary impugning of his conviction and sentence.

Because the necessary effect of finding in Petitioner's favor and deciding that the Pennsylvania statute under which he was convicted and/or sentenced violated the Constitution of the United States would impugn Petitioner's conviction or sentence, the present Petition is second or successive and must be dismissed as such.

### B. Rule 4 of the Rules Governing Section 2254 Cases

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant Petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this Petition, this Court takes judicial notice of the record in Petitioner's Sixth and Seventh Petitions.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Petition will be dismissed pre-service as being a second or successive petition.

**C. The AEDPA Applies.**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (the "AEDPA") which amended the standards for reviewing state court judgments for petitions filed under 28 U.S.C. § 2254 was effective April 24, 1996. Because Petitioner's habeas petition was filed after the effective date of the AEDPA, the AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

The AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive Section 2254 applications. Tyler v. Cain, 533 U.S. 656 (2001). In the AEDPA, Congress enacted strictures on the filing of second or successive habeas petitions in response to the abuse of the habeas writ by prisoners. See Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) ("The purpose of the gatekeeping restrictions was to prevent abuse of the habeas writ."). Congress provided that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). The gatekeeping provisions

of the AEDPA provide that if the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed by the Court of Appeals in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition, the claim must be dismissed by the Court of Appeals unless it falls within one of two narrow exceptions. One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A). However, even if a habeas petitioner's second or successive petition falls within either of these categories, he may not simply come to the District Court and file his second or successive petition, rather he must seek leave of the Court of Appeals to do so. In other words, he must convince, the Court of Appeals that his second or successive petition comes within this narrow exception permitted by the AEDPA and the habeas petitioner must have the Court of Appeals grant him leave to file such second or successive petition. 28 U.S.C. § 2244(3)(A).[1]

### D. Discussion

**1. The Court lacks jurisdiction under § 2244(b).**

The AEDPA does not define the phrase "second or successive." Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997) ("While the AEDPA requires this procedure for second or successive application, it does not define what is meant by 'second' or 'successive.'"). A numerically second petition is not necessarily "second or successive" within the contemplation of the AEDPA, if it attacks a different criminal judgment or if the earlier petition terminated without a judgment, as for example, where the earlier petition was dismissed without prejudice

---

[1] Section 2244(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." (emphasis added).

5

for failure to exhaust state court remedies. See, e.g., Stewart v. Martinez-Villareal, 523 U.S. 637 (1998); Pratt v. United States, 129 F.3d 54, 60 (1st Cir. 1997); Christy v. Horn, 115 F.3d 201, 208 (3d Cir. 1997).

Under Section 2244(b)(3)(A), a numerically second petition may not necessarily constitute a "second or successive petition". The United States Supreme Court has construed § 2244(b) in a manner that avoids an overly literal construction of the term "second or successive" petition, recognizing that some types of "second" petitions do not implicate the judicially developed abuse-of-the-writ principles that were the basis for the AEDPA's statutory restrictions. See Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

In Stewart, the Supreme Court held that Section 2244(b)(3)(A) authorization was not required because although petitioner's claim that he could not be executed due to the fact that he was incompetent to be executed, had been raised in his earlier petition, the earlier petition was dismissed without prejudice as premature. "This may have been the second time that respondent had asked the federal courts to provide relief on his Ford claim," the Supreme Court explained, "but this does not mean that there were two separate applications, the second of which was necessarily subject to § 2244(b)." Id. at 643. The claim was not a "second or successive" petition under the AEDPA because the petitioner "brought his claim in a timely fashion, and it has not been ripe for resolution until now." Id. at 645. The Supreme Court expressly stated that a later petition should not be considered successive when the earlier petition was dismissed without prejudice for failure to exhaust state remedies, and that the AEDPA should not be construed so that the dismissal of an earlier petition "for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." Id. at 645. Essentially, where a first petition was brought and dismissed but not addressed on the merits, a second petition challenging the same

6

conviction is not subject to the requirement that the petitioner apply to the Court of Appeals for permission to file the second petition.

In contrast, where a prior petition was addressed on the merits and the subsequent petition raises issues that could have been raised in the first petition or, otherwise constitutes an abuse of the writ, the subsequent petition is "second or successive" within the meaning of subsection (3)(A) and cannot be filed in the district court without authorization from the Court of Appeals. See, e.g., Whab v. United States, 408 F.3d 116, 118 (2d Cir. 2005)("for a subsequent petition to be considered 'second or successive,' bringing into play AEDPA's gatekeeping provisions, the disposition of an earlier petition must qualify as an adjudication on the merits."); Greene v. White, 223 F.3d 1001, 1002 n.1 (9th Cir. 2000) ("The present petition is not a 'second or successive petition' because the earlier petition, filed in 1993, was not adjudicated on the merits.").

In the present Petition, Petitioner is in effect challenging the validity of the very same conviction that he challenged in the Sixth and Seventh Petitions. Because the Court dismissed the Sixth Petition for having procedurally defaulted the claims raised therein or for having failed to show entitlement to relief under the AEDPA, the Sixth Petition was denied "on the merits" within the contemplation of the AEDPA's second or successive jurisprudence as was previously decided in the Seventh Petition. United States v. Fake, 416 F. App'x 134, 136 (3d Cir. 2011) ("The claims in Fake's original § 2255 motion were denied as procedurally defaulted or meritless. The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits."). See also Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (since denial of first petition on grounds of procedural default "constitutes a disposition on the merits," that disposition "thus renders a subsequent [habeas or § 2255 petition] 'second or

successive' for purposes of the AEDPA"); In re Cook, 215 F.3d 606, 607-08 (6th Cir. 2000); Upsher v. Goode, No. Civ.A. 04-1707, 2006 WL 2662724, at *4 (W.D.Pa. Sept. 14, 2006) ("A dismissal of a habeas petition based upon procedural default constitutes a disposition on the merits and renders a subsequent petition . . . 'second or successive' and subject to Section 2244(b)(3)(A)'s gatekeeping provisions."). Hence, there is no doubt that the instant Petition is "second or successive" within the meaning of the AEDPA and, therefore, Petitioner is required to seek permission of the United States Court of Appeals for the Third Circuit in order to file the Petition here.

However, Petitioner argues that the present Petition is not second or successive because he is not directly challenging his conviction as such but only challenging the constitutionality of the Pennsylvania statute under which he was convicted or sentenced. See ECF No. 1-1 at 5. We are not persuaded. Whenever a challenge is mounted by a state prisoner that has the necessary effect of calling into question the validity of that state prisoner's state court conviction or sentence, then such a challenge must be mounted by way of a Section 2254[1] habeas petition and if a prior federal habeas petition had been decided on the merits, the challenge is necessarily second or successive and the state prisoner must seek leave of the appropriate Court of Appeals. See, e.g., Gregory v. Denham, __ F. App'x __, __, 2015 WL 4901994, at *3 n.4 (10th Cir. Aug. 18, 2015) ("a motion is second or successive if it in substance or effect asserts or reasserts a

---

[1] In Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

federal basis for relief from the petitioner's underlying conviction") (citing Gonzalez v. Crosby, 545 U.S. 524, 531–32, 538 (2005)). Accord U.S. v. Eaton, 475 F. App'x 710, 711 (10th Cir. 2012) (a pro se filing "was correctly treated by the district court as a second or successive claim because it asserted, in substance and effect, a federal basis for relief from his 1998 conviction"). Here, Petitioner's challenge to the statute under which he was convicted or sentenced in "effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." As such, the Petition is second or successive.

Because Petitioner has not shown that he has obtained the requisite permission from the United States Court of Appeals for the Third Circuit, the instant Petition must be dismissed because this Court lacks subject matter jurisdiction over this second or successive Section 2254 habeas petition. See Acosta v. Artuz, 221 F.3d 117, 122 n.3 (2d Cir. 2000) ("the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'").[3]

---

[3] While it is Petitioner's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court, and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant petition, this Court takes judicial notice of the computerized dockets of the Court of Appeals, which do not show that Petitioner has sought or received from that Court permission to file this second or successive petition. Therefore, the Petition must be dismissed because this Court lacks subject matter jurisdiction over such second or successive petitions. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)("'[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

9

Accordingly, the present Petition must be dismissed because this Court lacks subject matter jurisdiction over this second or successive habeas petition.

### 2. Habeas petitions may not be used to attack State Court collateral orders.

It appears that Petitioner may be seeking to challenge herein the State Courts' treatment of his many post-conviction filings in those Courts, having raised therein the same claim he now seeks to raise in this Petition, namely, that the statute under which he was convicted and/or sentenced was unconstitutional. See ECF No. 1 at 14 (it "is appropriate to deem the State Courts denial of a Writ of Habeas Corpus Challenging the Constitutionality of a Statute, is violative of the Petitioner's Fourteenth Amendment as stated above."). See also id. at 5 (In Ground One Petitioner complains of the state trial court's treatment of his Mandamus petition, raising a challenge to the constitutionality of the state statute, as an untimely PCRA petition and dismissing it).

To the extent that Petitioner seeks to challenge herein the State Courts' disposition of any of his post-conviction filings via the current Petition in this Court, he simply may not do so as any such challenges to post-conviction proceedings fail to raise a claim that is cognizable in federal habeas proceedings. As the United States Court of Appeals for the Third Circuit has made abundantly clear: "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998). See also Lambert v.

Blackwell, 387 F.3d 210, 247 (3d Cir. 2004) ("habeas proceedings are not the appropriate forum for [the petitioner] to pursue claims of error at the PCRA proceeding.").[2]

### 3. Fed. R. Civ. P. 60(b)

In the interest of thoroughness, we note that Petitioner mentions Fed.R.Civ.P. 60 throughout his filings. See, e.g., ECF No. 1, at 6, 8, 14, 15. In fact, he appended to the Petition a filing entitled "Motion for Federal Rule of Civil P. 60 (b) (6) Relief" ("the ostensible Rule 60 (b) Motion"). ECF No. 7. However, it is clear that this is not a "true" Rule 60(b) motion.

AEDPA barred state prisoners from bringing second or successive Section 2254 habeas petitions in the United States District Courts without first obtaining permission from the relevant United States Court of Appeals. 28 U.S.C. § 2244(b). Since AEDPA's enactment, federal Courts had been facing the difficult task of determining whether a Motion ostensibly filed pursuant to Fed. R. Civ. P. 60(b) was truly, in law and in fact, a Rule 60(b) motion or whether it was a second or successive Section 2254 habeas petition. The United States Supreme Court addressed this issue in the case of Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

For habeas petitioners, Rule 60(b) may not be used to avoid the prohibition set forth in 28 U.S.C. § 2244(b) against second or successive petitions. In Gonzalez, the Court explained that a Rule 60(b) motion constitutes a second or successive habeas petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits." Id. at 532. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." Id. at n.4. The

---

[2] Accord Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to [federal] habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure"); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994).

Court further explained that a Rule 60(b) motion does not constitute a second or successive petition when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error – for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." Id. When "no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." Id., at 533.

The initial consideration in reviewing the ostensible Rule 60 (b) Motion is determining whether the motion is truly a Rule 60(b) motion or in fact a veiled attempt at a second federal habeas petition. See United States v. Dowell, 438 F. App'x 706, 708 (10th Cir. 2011) ("We must first decide whether Dowell's motion is properly characterized as a Rule 60(b) motion or whether it is actually a second or successive habeas petition under 28 U.S.C. § 2255(h)."). To the extent the ostensible Rule 60(b) Motion seeks to raise a challenge to the constitutionality of the state statute under which Petitioner was convicted or sentenced, we find that it raises a "claim" which has the necessary effect of challenging his current custody and therefore, as explained above, is a second or successive Section 2254 habeas petition.

We note that Petitioner does not explicitly challenge any prior determinations made by the federal courts in his many previous federal habeas petitions and in fact alleges that the claim concerning the unconstitutionality of the state statute was only discovered by Petitioner "approximately October 31, 2012/November 30 2012." ECF No. 1 at 7.[3] Hence, the ostensible

---

[3] In this connection, we note that the Report and Recommendation in the Seventh Petition was filed on November 5, 2012, no objections were filed thereto, and the final order of the District Court was entered on December 19, 2012. No claim regarding the constitutionality of the state statute was raised in the Seventh Petition proceedings at any time. Indeed, Petitioner admits that he never raised this issue previously. ECF No. 7 at 13 ("the claim has not been adjudicated in the Federal Court; it is the first time this [CAUSE] of Statutory Authorization has been brought under Federal §2254 Habeas Corpus, with a 60(b)(6) MOTION simultaneously filed with [i]t.").

12

Rule 60(b) Motion is not a true Rule 60(b) Motion that seeks to attack a prior disposition of one of his habeas petitions.

In fact, Petitioner appears to be operating under the mistaken belief that he can bring a Rule 60(b) Motion pursuant to the Federal Rules of Civil Procedure to challenge, not the prior disposition of one of his many federal habeas petitions, but instead to challenge a final judgment of the State Courts. See, e.g., ECF No. 7 at 2 – 3 ("This MOTION to challenge only the denial of the habeas writ in the State courts concerning a question of law deemed unconstitutional prior to arrest, prior to indictment that imposed unlawful sanction. . . . Without 'specific statutory authorization' for prosecution in the State Courts, 60(b)(6) MOTION should be granted to allow the State Court to Grant an already filed but 'denied' [state court] writ of habeas corpus without OPINION, and all relief requested . . . .").

Unfortunately for Petitioner, a state prisoner may not use Fed. R. Civ. P. 60 to attack a state court final judgment. See, e.g., Burnett v. Amrein, 243 F. App'x 393, 395 (10th Cir. 2007)) ("Last, the district court correctly denied the Burnetts' motion to vacate the state-court judgments. As the court held, Fed.R.Civ.P. 60(b) 'does not authorize a federal district court to relieve the Burnetts of a judgment entered in state court'"); Graham v. South Carolina, C.A. No. 6:11–595, 2012 WL 527606, at *2 (D.S.C., Feb. 16, 2012) ("Petitioner misunderstands the import of Rule 60(b), which provides that a federal district court may provide relief from its own civil judgments. Rule 60(b) does not authorize a federal district court to review a state criminal conviction and judgment, as is the case here.").

Because Petitioner cannot attack any state court judgment, utilizing a Motion, ostensibly filed pursuant to Fed. R. Civ. P. 60, the ostensible Rule 60(b) Motion along with the Petition should be dismissed pre-service.

13

### 4. Certificate of appealability

To the extent one is required, a certificate of appealability should be denied as jurists of reason would not find the foregoing debatable.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the Petition be dismissed pre-service because it constitutes a "second or successive" petition over which this Court lacks jurisdiction and the ostensible Rule 60(b) Motion should be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: October 16, 2015          s/Maureen P. Kelly
                                             MAUREEN P. KELLY
                                             CHIEF UNITED STATES MAGISTRATE JUDGE

cc:      Terrence F. McVerry
         United States District Judge

         Allan D. Buyna
         AP-8203
         SCI-Forest
         PO Box 945
         Marienville, PA 16239